UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafat Ishaq and Geti Ishaq, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) **COMPLAINT**<br>) |
| ERB International Inc., Roberto Biasini and Rashid Ishaq, | )<br>) **DEMAND FOR JURY TRIAL**<br>) |
| Defendant. | )<br>)<br>) |

Plaintiffs, as and for their Complaint herein, state and allege as follows:

**INTRODUCTION AND BRIEF STATEMENT OF FACTS**

I.

This case arises out of a motor vehicle collision that occurred on February 8, 2016, at approximately 12:13 pm on Interstate 29 in the county of Pembina, state of North Dakota. On that date, Plaintiff Rafat Ishaq was a passenger in a vehicle driven by her husband, Defendant Rashid Ishaq, and owned by Plaintiff Geti Ishaq, which was traveling southbound on Interstate 29.

II.

At said time and place, Defendant Roberto Biasini was operating a semi-tractor-trailer owned by Defendant ERB International, Inc., also traveling in a southbound direction on Interstate 29.

III.

That the car driven by Defendant Rashid Ishaq and the semi-tractor-trailer driven by Defendant Roberto Biasini collided when Defendant Roberto Biasini struck the rear of the vehicle driven by Defendant Rashid Ishaq, forcing the Ishaq vehicle off the roadway.

IV.

This collision caused injuries to Plaintiff Rafat Ishaq and damage to Plaintiff Geti Ishaq's vehicle.

**JURISDICTION AND VENUE**

V.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states and countries where Defendants reside and/or are incorporated and have their principal place of business.

VI.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) or (3), as at all material times herein, Plaintiff Geti Ishaq resided in the state of Minnesota, and much of Plaintiff Rafat Ishaq's medical treatment occurred in the state of Minnesota.

**PARTIES**

VII.

That at all material times herein, Plaintiff Rafat Ishaq was a resident of New Port Richie, Florida, United States.

VIII.

That at all material times herein, Plaintiff Geti Ishaq was a resident of Plymouth, Minnesota, United States.

IX.

That at all material times here, Defendant ERB International, Inc. was a corporation organized and existing under the laws of the province of Ontario, country of Canada, with a registered office in New Hamburg, Ontario, Canada.  Defendant ERB International, Inc. is a commercial interstate motor vehicle carrier transporting property in the United States and Canada.

X.

That at all material times herein, Defendant Roberto Biasani was an employee of Defendant ERB International, Inc. and was operating a commercial vehicle owned by Defendant ERB International, Inc.  That at all material times herein, Defendant Roberto Biasani was a resident of Trenton, Ontario, Canada.

XI.

That at all material times herein, Defendant Rashid Ishaq was a resident of New Port Richie, Florida, United States.

## COUNT ONE
## NEGLIGENCE

XII.

That on the 8th day of February, 2016, at approximately 12:13 pm, Plaintiff Rafat Ishaq was a passenger in a vehicle driven by her husband, Defendant Rashid Ishaq, and owned by Plaintiff Geti Ishaq, traveling in a generally southbound direction on Interstate 29, in the county of Pembina, state of North Dakota;  that at said time and place, Defendant Roberto Biasini was

operating a vehicle owned by Defendant ERB International, Inc. in a generally southbound direction on Interstate 29, in the county of Pembina, state of North Dakota.

XIII.

That weather conditions on the day of the incident included blowing snow with reduced visibility, and the highway surface had snow cover.

XIV.

That due to blowing snow and reduced visibility, Defendant Rashid Ishaq slowed the vehicle he was driving to a speed that was less than 5 mph on an Interstate Highway where the maximum speed limit was 75 mph.

XV.

That Defendant Rashid Ishaq continued to drive his vehicle at a very slow speed in weather conditions consisting of blowing snow and reduced visibility, and chose not to exit Interstate 29 at any of the exits he encountered prior to the area of the crash so as to avoid the poor driving conditions on Interstate 29.

XVI.

That Defendant Rashid Ishaq had a duty to use reasonable care in operating and controlling his vehicle and preventing a collision with other vehicles.

XVII.

That Defendant Rashid Ishaq was negligent in the operation of his vehicle by, among other reasons, driving at an inappropriate speed for the road and weather conditions and for the type of highway he was traveling on, failing to drive with due care, and continuing to drive during a snow storm when he could have exited the Interstate safely. Defendant Rashid Ishaq also was negligent in violating North Dakota Motor Vehicle Law 39-09-09 (1). (Minimum speed limits).

XVIII.

That at all times material hereto, Defendant Roberto Biasini was a professional driver with a commercial driver's license.

XIX.

At all times material hereto, Defendant Biasini was driving a commercial motor vehicle in interstate commerce and was subject not only to North Dakota's traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations, and also had a duty to use reasonable care in operating and controlling his vehicle.

XX.

At all times material hereto, Defendant Biasini was also subject to corporate safety standards and trucking industry standards, the violation of which is evidence of negligence.

XXI.

That prior to the crash, Defendant Biasini was traveling at speeds between 50 and 60 miles per hour in weather conditions involving blowing snow and reduced visibility, and road conditions that were snow-covered.  That while driving at speeds between 50 and 60 miles per hour in blowing snow and reduced visibility on a snow-covered highway, Defendant Biasini did not observe the vehicle Defendant Rashid Ishaq was driving until just before striking the rear of Defendant Rashid Ishaq's vehicle, pushing it off the roadway.

XXII.

Defendant Biasini was negligent in the operation of the tractor and trailer he was driving in at least the following ways:

1. Failing to keep a proper lookout for traffic.

2. Driving too fast for road conditions.

3. Failing to yield Defendant Rashid Ishaq's right of way.

4. Failing to use reasonable care in trip planning/routing decisions.

5. Driving while distracted and/or fatigued.

6. Failing to exit the roadway when weather conditions became too dangerous to observe traffic ahead of him.

7. Violating North Dakota Motor Vehicle Laws including, but not limited to, N.D.C.C. § 39-10-18 (Following too closely); N.D.C.C. § 39-09-01 (No person may drive a vehicle at a speed greater than is reasonable and prudent under the conditions…); N.D.C.C. § 39-09-01.1 (Care required when operating a vehicle); N.D.C.C. § 39.09.02(3) (Speed limitations).

8. Violation of Federal Motor Carrier Safety Regulations, including, but not limited to, §§ 383.110, 383.111, 390.3, 390.11, 383.111, 383.113, 391.11, 391.23, 392.2, 392.14, as well as hours of service and inspection regulations, violations of which constitute negligence per se; and

9. Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

XXIII.

Due to conditions present at the time of the crash, Defendant Biasini owed a duty of "extreme caution" in the operation of the commercial motor vehicle he was operating. Defendant Biasini failed to meet this required standard of care, which failure caused or contributed to cause the collision at issue and the resulting injuries and damages claimed herein.

XXIV.

That as a direct and proximate result of Defendant Rashid Ishaq's and Defendant Biasini's negligence, Plaintiff Rafat Ishaq sustained serious injuries to her mind and body, some of which injuries are permanent and have caused, and will in the future cause, Plaintiff to suffer

mental and physical pain, suffering, mental distress, embarrassment, disfigurement, and disability; that Plaintiff has incurred, and will in the future incur, and medical expenses. That as a direct and proximate result of Defendant Biasini's negligence, Plaintiff Geti Ishaq's vehicle sustained property damage, rendering her vehicle a total loss. That Plaintiffs sustained damages, the exact amount of which cannot be fully ascertained at this time, in a reasonable amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

## COUNT TWO
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

Plaintiffs, as and for their second claim herein, reassert and reallege each and every allegation, matter and thing in Count ONE, with the same force and effect as if set forth at length and in detail herein, and further state and allege as follows:

XXV.

That at all times material herein, Defendant Roberto Biasini was driving a vehicle owned by his employer, Defendant ERB International, Inc., and as the employee of Defendant ERB International, Inc. was under the direct supervision and control of Defendant ERB International, Inc.

XXVI.

That at the time of the subject collision, Defendant Biasini was operating a commercial motor vehicle under dispatch and under the authority granted to Defendant ERB International, Inc. by the Federal Motor Carrier Safety Administration.

XXVII.

That at all times material herein, Defendant Biasini and other employees/agents of Defendant ERB International, Inc., were acting within the course and scope of their employment with ERB International, Inc., and further, under the law of vicarious liability and doctrine of

*respondeat superior,* Defendant ERB International, Inc. is liable for Roberto Biasini's actions, as well as the actions of other agents/employees of ERB International, Inc.

XXVIII.

That as a direct and proximate result of the conduct of Defendant ERB International, Inc., and its employees and agents, Plaintiffs sustained injuries and damages as more fully alleged in Count ONE.

## COUNT THREE
## NEGLIGENT ENTRUSTMENT

Plaintiffs, as and for their third claim herein, reassert and reallege each and every allegation, matter and thing in Count ONE and Count TWO, with the same force and effect as if set forth at length and in detail herein, and further state and allege as follows:

XXIX.

Defendant ERB International, Inc. was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant ERB International, Inc. was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

XXX.

As a motor carrier, Defendant ERB International, Inc. has certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, state trucking safety regulations and trucking industry standards, including the duty to properly qualify Defendant Biasini, the duty to properly supervise Defendant Biasini, the duty to monitor the hours of service of Defendant Biasini, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management controls and systems for the safe operation of its commercial motor vehicles.

XXXI.

That Defendant ERB International, Inc. had a duty to use reasonable care in selecting and dealing with its commercial vehicle drivers (including defendant Roberto Biasini), and properly determining and verifying that they are competent, trained and fit to perform the duties required of a commercial vehicle driver.  That defendant ERB International, Inc. had a duty to entrust its vehicles to employees that they know are competent, trained and safe.

XXXII.

That defendant ERB International, Inc. was negligent in entrusting one of its commercial vehicles to Defendant Roberto Biasini and allowing him to drive and transport products on U.S. Highways.

XXXIII.

That as a direct and proximate result of the negligent conduct of Defendant ERB International, Inc., and its employees and agents, Plaintiffs sustained injuries and damages as more fully alleged in Count ONE.

**COUNT FOUR**
**NEGLIGENT HIRING**

Plaintiffs, as and for their fourth claim herein, reassert and reallege each and every allegation, matter and thing in Counts ONE THROUGH THREE, with the same force and effect as if set forth at length and in detail herein, and further state and allege as follows:

XXXIV.

That defendant ERB International, Inc. had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required of a commercial vehicle driver, including safe operation of its commercial vehicles.

XXXV.

That defendant ERB International, Inc. was negligent in its hiring of Defendant Roberto Biasini, including but not limited to failing to properly determine Defendant Biasini's safe driving skills, failure to inquire into Defendant Biasini's full driving history, etc.

XXXVI.

That as a direct and proximate result of the negligent conduct of Defendant ERB International, Inc., and its employees and agents, Plaintiff sustained injuries and damages as more fully alleged in Count ONE.

## COUNT FIVE

## NEGLIGENT RETENTION

Plaintiffs, as and for their fifth claim herein, reasserts and realleges each and every allegation, matter and thing in Counts ONE through FOUR, with the same force and effect as if set forth at length and in detail herein, and further states and alleges as follows:

XXXVII.

That Defendant ERB International, Inc. had a continuing duty to ensure that its commercial vehicle drivers (including defendant Roberto Biasini) remained competent and fit to perform the duties of a commercial vehicle driver, including safe operation of its vehicles.

XXXVIII.

That Defendant ERB International, Inc. was negligent in its retention of Defendant Roberto Biasini, who had a responsibility for safe operation of a commercial vehicle on United States highways.

XXXIX.

That as a direct and proximate result of the conduct of Defendant ERB International, Inc., and its employees and agents, Plaintiff sustained injuries and damages as more fully alleged in Count ONE.

## COUNT SIX
## NEGLIGENT SUPERVISION

Plaintiffs, as and for their sixth claim herein, reasserts and realleges each and every allegation, matter and thing in Counts ONE through FIVE, with the same force and effect as if set forth at length and in detail herein, and further states and alleges as follows:

XL.

That Defendant ERB International, Inc. had a duty to use reasonable care in providing its commercial vehicle drivers (including Defendant Roberto Biasini) with adequate supervision relative to safe operation of its commercial vehicles on U.S. Highways.

XLI.

That defendant ERB International, Inc. was negligent in its supervision of Defendant Roberto Biasini and other employees who had responsibility for safely operating its commercial vehicles on United States highways.

XLII.

That as a direct and proximate result of the conduct of Defendant ERB International, Inc., and its employees and agents, Plaintiff sustained injuries and damages as more fully alleged in Count ONE.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants for an amount determined by the jury in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00), together with costs, disbursements, statutory prejudgment interest, and for further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts and issues so triable.

Respectfully submitted this 30th day of July, 2018.

        **ROCHLIN LAW FIRM, LTD.**

By ___s/Pamela Rochlin_____
Pamela F. Rochlin, MN #: 210493
**ATTORNEY FOR PLAINTIFF**
Rochlin Law Firm, Ltd.
5200 Willson Road, Suite 412
Edina, MN 55424
Telephone: (952) 836-2728
Facsimile:  (952) 836-2754
e-mail: pamr@rochlinlaw.com